Nov. Term,
1855.

BEACH
v.
WOOLFORD.

</div>

--------

BEACH *v.* WOOLFORD.

A judgment of the Court of Conciliation, rendered in pursuance of ss. 6 and 7, p. 225, 2 R. S. 1852, was entered merely on a sheet of paper, below the agreement of the parties.  *Held*, that the judgment was not void or erroneous on that account.

The judge of the Court of Conciliation having thus entered a judgment, certified the original paper into the Court of Common Pleas, as a transcript of his proceedings, but afterwards, at the instance of the party in whose favor the judgment was rendered, and without notice to the adverse party, withdrew said paper, and substituted a transcript, certifying the same to be a transcript from his book of record.  *Held*, that there was no error.

The Court of Conciliation is a Court of record, and its records import the same verity as those of other Courts.

APPEAL from the *Dearborn* Court of Common Pleas.

GOOKINS, J.—*Nancy Woolford*, the appellee, summoned *Beach*, the appellant, and his wife, to appear before the Court of Conciliation of *Dearborn* county, to answer in reference to a charge of larceny published by the wife of *Beach* against the said *Nancy*, as she alleged.    The parties appeared, and the conference resulted in a compromise, in which the wife of *Beach* denied the speaking of the words imputed to her, with an agreement that *Beach* should confess a judgment in favor of said *Nancy* for 75 dollars and 80 cents.    This agreement was signed by all the parties, and thereupon the judge of the Court of Conciliation rendered a judgment in favor of the said *Nancy* against *Beach* for the above amount, a transcript of which was filed in the Court of Common Pleas, and an execution issued thereon.

<div align="right">

*Wednesday,
December 26.*

</div>

Nov. Term, 1855.

BEACH
v.
WOOLFORD.

This action was brought by *Beach* to enjoin the collection of that judgment, and to set it aside as void. The defendant demurred to the complaint. The Court of Common Pleas sustained the demurrer, and gave judgment for the defendant. *Beach* appeals.

The complaint sets forth the proceedings before the Court of Conciliation, and annexes a transcript of them as an exhibit. They appear to be in all respects regular. But the plaintiff seeks to show them void, by alleging that they were never entered in a book of record by the judge, but upon a sheet of paper; that after the parties had signed the agreement of compromise, the judge pretended to enter on the same sheet of paper, below their signatures, a judgment for said amount, which he signed; that the judge certified the original paper into the Common Pleas, as a transcript of his proceedings; that afterwards, at the instance of the defendant, and without notice to the plaintiff, he withdrew said paper, and substituted a transcript, certifying the same to be a transcript from his book of record.

The statute requires that if a reconciliation be effected, the agreement of the parties must be entered in a book of record, to be kept by the judge, and signed by the parties. If they agree to a judgment in favor of one party against the other, the judge shall enter it at the foot of the entry of reconciliation, a transcript of which may be filed with the clerk of the Court of Common Pleas, and shall have the effect and be enforced in the same manner as a judgment of the Court. 2 R. S., p. 225, ss. 6, 7.

We do not see any ground for enjoining the collection of this judgment. Injunctions are granted to restrain wrong and unconscientious proceedings. Here, by the admissions of the complaint, it is against conscience for the appellant to refuse to pay the amount adjudged. We admit that if a proceeding is wholly void, an attempt to enforce it may be restrained; but this, we think, is not even erroneous. The statute does not prescribe any form of book in which the record shall be kept. Many of the records of this Court are written on paper of suitable size,

and bound afterwards, but they are not therefore void.
The judge of the Common Pleas is *ex officio* judge of the
Court of Conciliation, which is a Court of record, and its
record imports the same verity as that of other Courts.
That the judge in the first instance erroneously filed the
original in the clerk's office, did not prevent the correction
of the error, when it was discovered.

*Per Curiam.*—The judgment is affirmed with costs.

*D. S. Major* and *A. Brower*, for the appellant.

*J. Ryman*, for the appellee.