STRANGE *v.* PRINCE.

The statute seems to contemplate that the record of the Court of Conciliation
shall only affect the question of costs, and hence it may be given in
evidence to the Court, instead of the jury, to enable it to determine
which party shall be taxed with the costs.

Where the statement of the judge of a court of conciliation, as to the
identity of the record of his court, was received in the Court below
without putting him under oath as a witness, it must be presumed that
the parties waived the administration of the oath.

Where the record of a court of conciliation recites that the parties appeared,
the notice need not be set out.

*Saturday,* APPEAL from the *Daviess* Circuit Court.
*December* 14.   PERKINS, J.— *Prince* sued *Philip Strange* for slander.
The jury gave him a verdict for one cent as damages

The plaintiff, then, to show himself entitled to costs, gave in evidence to the Court papers of the following tenor.

"To *Charles Strange, John Strange*, and *Philip Strange*. Gentlemen: You are notified that I have a cause of action against you for slanderous words spoken of me by you; and are required to appear before the Court of Conciliation in relation thereto, on *June* 29, 1860, (*Tuesday*) at the hour of twelve o'clock, M. of said day, at the office of Judge *Richard A. Clements*, in the town of *Washington*, in *Daviess* county, State of *Indiana*, for the purpose of compromising the same, *June* 15, 1860.                "PRESLEY K. PRINCE."

"Duly served, *June* 22, 1860.

"B. GOODWIN, *S. D. C.* By R. AIKMAN, *Deputy.*"

"And, also, (says the record,) a paper which the judge of the Court of Common Pleas stated at the time, he being present and one of the counsel for the plaintiff, was the original entry of conciliation made by him as the judge of said Court, said record being in the words and figures following, to wit:

"PRESLEY N. PRINCE
          *v.*
CHARLES STRANGE,       Record of Conciliation. Slanderous
JOHN STRANGE,                words.
      and
PHILIP STRANGE.

"On this 29th day of *June* 1860, come the above named parties, plaintiff and defendants, and their respective rights being explained to them, they refuse to conciliate.

"Witness my hand, day and year above written.
                "R. A. CLEMENTS, *C. C. P.* and
                          *Ex Officio Judge C. C.*"

As the statute seems to contemplate that the record of the Court of Conciliation shall only affect the question of costs, we think it may be given in evidence to the Court, instead of the jury, to enable it to direct which party shall be taxed with the costs.

When a party is about to give a record in evidence, he examines the keeper thereof as to its genuineness; but it is not unusual for the adverse party to waive his being sworn, and

Nov. Term, 1861.

THE STATE
v.
BARBOUR.

take his simple statement. When this is done, that statement is evidence. We must presume in favor of the judgment below that such was the character of the statement of Judge *Clements* in this case as to his record; and, under the decision in *Beach* v. *Woolford*, 7 Ind. 351, we must hold the record admissible in evidence.

We think its contents sufficient, inasmuch as no settlement was effected. It states that the parties appeared, which supersedes the necessity of reciting the notice, &c.

We think, also, the notice and record *prima facie* applicable to the case. Slander is a several, not joint tort; and when the plaintiff notified three to attend, he must be taken to have called them all severally before the Court preparatory to a several suit against each one, if he should see fit to prosecute such.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. W. Burton* and *John Baker*, for the appellant.

*L. Q. De Bruler* and *R. A. Clements*, Sr., for the appellee